UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHANNON L.,

                Plaintiff,

v.                                         5:22-CV-543
                                                          (DJS)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**APPEARANCES:**                                 **OF COUNSEL:**

LAW OFFICES OF STEVEN R. DOLSON, PLLC    STEVEN R. DOLSON, ESQ.
Attorney for Plaintiff
6320 Fly Road
Suite 201
East Syracuse, New York 13057

U.S. SOCIAL SECURITY ADMIN.                FERGUS J. KAISER, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER[1]

      Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled for

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 5 & General Order 18.

purposes of disability insurance benefits. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 10 & 12. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied. The Commissioner's decision is remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1974. Dkt. No. 9, Admin. Tr. ("Tr."), p. 214. Plaintiff reported that she completed eleventh grade. Tr. at p. 230. She has past work experience in the food service and janitorial industries. Tr. at p. 231. Plaintiff alleges disability due to degenerative disc disease, sacroiliitis, sacroiliac joint pain, bilateral hip impairment, osteoarthritis, arthritis, lumbar spine impairment, bulging disc, facet arthropathy, and chronic pain. Tr. at p. 229.

### B. Procedural History

Plaintiff applied for disability and disability insurance benefits in September 2019. Tr. at p. 69. She alleged a disability onset date of June 29, 2019. Tr. at p. 70. Plaintiff's application was initially denied on January 2, 2020 and upon reconsideration on June 1, 2020, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 98-109, 111-122, & 123. Plaintiff appeared and testified at a hearing before ALJ Elizabeth Koennecke on September 9, 2020. Tr. at pp. 26-41. A further hearing was held on December 21, 2020 at which a vocational expert testified.

Tr. at pp. 42-52.  On January 6, 2021, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act.  Tr. at pp. 12-21.  On April 14, 2022, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  Tr. at pp. 1-5.

### C. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law.  First, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2021.  Tr. at p. 14.  Second, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 29, 2019, the alleged onset date.  *Id.*  Third, the ALJ found that Plaintiff had the following severe impairments: residuals of a lumbar spine laminectomy, chronic right hip trochanteric bursitis, and right knee osteoarthritis.  *Id.*  Fourth, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings").  Tr. at p. 15.  Fifth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) with the following additional limitations:

> she can perform occasional operation of foot controls with the right lower extremity. She can occasionally balance, stoop, kneel, crouch, crawl, and climb stairs and ramps. She can never climb ladders, ropes, or scaffolds. She would need an option to stand for two minutes after every 30 minutes of sitting. She can remain on task while standing. She would require a cane to walk but not for balancing while standing.

Tr. at p. 16.

Sixth, the ALJ found that Plaintiff could not perform her past relevant work. Tr. at p. 19. Finally, the ALJ found that there were jobs existing in significant numbers in the national economy that Plaintiff could perform. Tr. at pp. 19-20. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 20.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than

one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff seeks review in this Court on a single ground – the ALJ's alleged error regarding her need to use an assistive device while standing. Dkt. No. 10, Pl.'s Mem. of Law at pp. 5-8. Specifically, Plaintiff asserts that the ALJ's finding that Plaintiff needed a cane for walking, but not while standing was not supported by substantial evidence and did not accurately reflect the record. *Id.* In response, Defendant asserts that the ALJ properly evaluated the record and that the analysis and ultimate decision

were both supported by substantial evidence.  Dkt. No. 12, Def.'s Mem. of Law at pp. 7-13.

Plaintiff testified that she had used a cane for over a year.  Tr. at p. 35.  She further testified that she needs the cane both to walk and to stand.  *Id.*  Dr. Elke Lorensen performed a consultative examination of Plaintiff.  Tr. at pp. 414-417.  Dr. Lorensen noted that Plaintiff uses a cane "all the time because of pain" and "for support."  Tr. at p. 415.  Dr. Lorensen went on to conclude "the cane is medically necessary."  *Id.*  Dr. Lorensen's medical source statement concluded that Plaintiff had "moderate limitations for standing and ambulating, presumably secondary to back pain with radiculopathy and need for assistive device of a cane."  Tr. at p. 417.

Defendant contends that substantial evidence supports the ALJ's findings because there is no "unambiguous statement" that the cane is required for standing and balancing.  Def.'s Mem. of Law at p. 11.  As this Court has noted many times, "[i]t is the ALJ's sole responsibility to weigh all medical evidence and resolve material conflicts where sufficient evidence provides for such."  *Lisa P. v. Saul*, 2019 WL 4690260, at *8 (N.D.N.Y. Sept. 26, 2019).  To do so, however, the ALJ must properly state the administrative record.  In the context of evaluating the need for an assistive device, courts look to whether there was "specific medical documentation establishing the need for it and the circumstances surrounding that need."  *Harry B. v. Comm'r of Soc. Sec.*, 2021 WL 1198283, at * 8 (N.D.N.Y. Mar. 30, 2021).  However Defendant may wish to characterize Dr. Lorensen's examination report, it clearly was evidence in

the record from a medical provider that Plaintiff needed a cane to stand and balance. The ALJ's statement that there was "no evidence" to indicate that this was true, therefore, was erroneous. Tr. at p. 19. Whether the ALJ might conclude that that evidence was not persuasive is a question for the ALJ in the first instance. For now it is sufficient to note that "[c]ourts in this Circuit have found reversible error where an ALJ arrives at an RFC assessment in reliance on a mischaracterization or misstatement of the record." *Trumpower v. Colvin*, 2015 WL 162991, at *15 (W.D.N.Y. Jan. 13, 2015); *see also King v. Colvin*, 2016 WL 1398987, at *4 (W.D.N.Y. Apr. 11, 2016) ("Where an ALJ mischaracterizes the evidence . . . a remand is necessary."). Given the vocational expert's testimony about the significance of needing a cane while standing, *see* Tr. at pp. 49-50, this was not harmless error.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REMANDED pursuant to sentence four** for further proceedings; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-

Decision and Order on the parties.

Dated: March 31, 2023
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge